# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY E. KENDALL, | Case No.: 1:13-cv-00209-LJO-JLT |
| Petitioner, | ORDER DENYING CIVIL RIGHTS CLAIM FOR LACK OF JURISDICTION (Doc. 19) |
| v. | |
| CYNTHIA TAMPKINS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on February 8, 2013, challenging Petitioner's 2010 conviction in the Kern County Superior Court for, inter alia, attempted second degree murder with great bodily injury, and his subsequent thirteen year sentence. (Doc. 1). On March 6, 2013, the Court ordered Respondent to file a response and, on May 7, 2013, Respondent filed an answer. (Doc. 15). On May 28, 2013, Petitioner filed a document entitled "Judicial Notice To The Court," which the Clerk of Court docketed as a motion for an emergency injunction against Respondent. (Doc. 19).

After careful review of this document, the Court has concluded that it should be construed as a request to raise a claim regarding a civil rights violation pursuant to 42 U.S.C. § 1983. Although the body of the document refers to a request for an "emergency injunction," the gravamen of the document is that Petitioner is being harassed by prison authorities who have frozen his prison trust

account so that Petitioner is unable to shop in the prison commissary for necessary items. (Doc. 19, p. 2). Petitioner also contends that he was given an "unjust…write-up" as retaliation for unspecified acts by Petitioner. (Id.). Since Petitioner is alleging civil rights violations that have nothing to do with his challenge to his 2010 Kern County Superior Court conviction, his claims in this document are not cognizable in these proceedings and will be dismissed.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the length or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that prison staff are harassing him and retaliating against him for unspecified conduct on Petitioner's part, that staff have frozen his prison trust account, thus preventing him from using the commissary, and that he has been wrongfully written up by prison staff. Petitioner does not specify what type of relief he is seeking other than an injunction to stop this retaliation. It thus appears that, in this motion, Petitioner is challenging the *conditions* of his confinement, not the *fact or duration* of that confinement, which is the basis for habeas jurisdiction. No relief requested, either implicitly or explicitly, by Petitioner in this motion would affect the fact or duration of Petitioner's sentence. This Court's habeas jurisdiction does not extend to such claims regarding the conditions of confinement. The mere fact that Petitioner has once invoked the Court's habeas jurisdiction to challenge his 2010 conviction and sentence does not open the door to any and all types of complaints Petitioner might have while confined. If Petitioner wishes to pursue such claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motion for an emergency injunction (Doc. 19), which the Court construes as a claim for a civil rights violation pursuant to 42 U.S.C. § 1983, is DENIED for lack of habeas jurisdiction.

IT IS SO ORDERED.

Dated:   **June 14, 2013**                **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE